UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:23-CR-00059-GSL-JEM |
| MARSALIUS WILLIAMS | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Second Amended Motion to Dismiss for Violation of Due Process [DE 36]. The Court has considered the arguments presented in the parties' briefs [*Id*], [DE 42], [DE 43], and at the hearing on September 11, 2024 [DE 48]. For the reasons set forth below, the Court DENIES Defendant's motion.

**A. Background**

On July 19, 2023, Defendant Marsalius Williams was indicted on one charge of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). [DE 1]. As purported by the Government, Defendant has a prior 2018 felony conviction in Illinois for Aggravated Unlawful Use of a Weapon. [DE 42, page 1].

On January 17, 2024, Defendant filed a Motion to Dismiss the indictment, arguing that § 922(g)(1) is unconstitutional under the Second Amendment, in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). [DE 21]. This Court, under the previous judge assigned, denied Defendant's motion. In support of its order, the Court referenced its previous holding in *United States v. Rice*, 622 F.Supp.3d 935 (N.D. Ind. 2023) and the holdings of several other courts in this District, which all upheld the constitutionality of § 922(g)(1). [DE 27, page 2]. In summary, the Court held that it "believes [§ 922(g)(1)] is consistent with the history and tradition of firearms regulation in the United

States" and that "it is important to remember that a list of laws that *happened* to exist at the time of the Founding is not the same as an exhaustive account of what laws would have been *believed to be permissible* by an individual sharing the original public understanding of the constitution." [*Id.* 4–5].

On June 7, 2024, Defendant filed the instant motion to dismiss. [DE 36]. In this motion, Defendant seeks "to dismiss the prosecution under the Fifth Amendment" because he claims the Government used racially tinged historical evidence, which is "rooted in racial animus violat[ing] basic notions of due process and equal protection." [*Id.* at 1]. Specifically, Defendant refers to certain colonial-era statutes that the Government offered in its response to the previous motion to dismiss. [DE 23]. As a remedy, Defendant asks that the Court "dismiss the prosecution against him under the Fifth Amendment or reset the matter for a motion to dismiss where the government is barred from offering" these certain colonial-era statutes. [DE 36, page 19].

B. Discussion

In the instant motion, Defendant challenges certain colonial-era statutes raised by the Government in its response to the previous motion to dismiss. [*Id.*]. In its response, the Government referenced these colonial-era statutes as part of its argument that § 922(g)(1)—the statute at issue—is constitutional. [DE 23, page 13]. The Government relied on these statutes, in part, to satisfy its burden under *Bruen* and demonstrate that § 922(g)(1) is "part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." [*Id.* at 11] (quoting *Bruen*, 597 U.S. at 19). Defendant filed a reply brief to the Government's response to the previous motion. [DE 26]. However, in his reply brief, Defendant did not challenge the Government's references to these colonial-era statutes as violations to the Fifth Amendment. Instead, Defendant waited until the Court returned an unfavorable judgment on his motion to

2

dismiss [DE 27] and the case was reassigned to a new judge [DE 30] before filing a new motion that raised these Fifth Amendment arguments [DE 36]. Defendant is now using these new arguments as another opportunity to litigate the case. *See RCBA Nutraceuticals, LLC v. ProAmpac Holdings, Inc.*, 108 F.4th 997, 1005 (7th Cir. 2024) (holding that arguments may not be raised for the first time in a motion for reconsideration and are deemed waived); *see also Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) (same).

The critical issue before the Court is whether Defendant should have raised his arguments against the Government's reference to colonial-era statutes at the time of the filing of his reply brief and while the matter was pending before the previous presiding judge. Defendant argues that "a reply brief is never the time to raise new grounds for relief" and that he "is not limited to presenting the issue in a reply." [DE 43, page 5]. Specifically, at oral arguments, Defendant's counsel argued that "we have a separate remedy that we're seeking," and, therefore, the "newly" raised issues were not appropriate for a reply brief. [DE 51, page 10]. This Court disagrees. The instant motion raises concerns about statutes referenced by the Government in its response to the previous motion to dismiss [DE 23]. "[T]he reply brief is an opportunity to reply" to those statutes referenced by the Government. *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 636 (7th Cir. 2020). Instead, Defendant waited almost six months to file a new motion and to raise arguments about those statutes referenced by the Government. Defendant's counsel argues that a separate remedy warrants a separate motion, that remedy being dismissal of the indictment, or, alternatively, relitigating the previous motion. [DE 51, pages 8–9]. However, while Defendant relies on a new theory for dismissal, it effectively requests the same remedy as that requested in the prior motion. Defendant should have argued this new or alternative theory in the original

briefing or at a minimum, addressed the use of the colonial era statutes in his reply brief. These arguments do not warrant a separate motion, and to raise them now is untimely.

Further, in its reply to the Government's response to the previous motion to dismiss, Defendant argued that the Government failed to meet its burden to demonstrate that § 922(g)(1) had a historical analogue, as required by *Bruen*. [DE 26, page 3]. Specifically, Defendant referenced those colonial-era statutes and challenged the notion that "laws that prohibited enslaved people, or warring Indian tribes, or Catholics from possessing arms" demonstrated sufficient historical tradition to uphold the modern firearm regulation. [*Id.*]. This illustrates that Defendant acknowledged the Government's reliance on the contested statutes in its reply, and, therefore, any constitutional challenge to the Government's case was ripe at that time and should have been raised then. *See United States v. Wright*, No. 2:22-cr-055, 2024 WL 3898556, at *2 (N.D. Ind. July 11, 2024) (holding that the defendant's "Fifth Amendment challenge to the indictment simply attempts to relitigate the same issues presented to Judge DeGulio (*i.e.*, the adequacy of the government's evidence of historical analogues to the federal felon-in-possession statute)").

Even if the Court did not find that Defendant's arguments were waived, the Court would not reconsider the previous judge's order because of the law of the case doctrine. This doctrine "establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit." *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 701 (7th Cir. 2024) (quoting *Avitia v. Metro. Club of Chi.*, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995)). Typically, courts will only depart from this doctrine under "unusual circumstances" such as 1) substantial new evidence, 2) an intervening change in the law, or 3) a clearly erroneous previous decision. *Id.* at 701.

Here, no such circumstances exist that would persuade this Court to reconsider the previous judge's order. Moreover, Defendant fails to address any of the Government's arguments based on the law of the case doctrine, "which substantially supports [the] conclusion that [Defendant's] 'new' claims are really just a thinly veiled attempt to relitigate Judge DeGulio's prior denial of his motion to dismiss on *Bruen* grounds." *Wright*, 2024 WL 3898556, at *2 n.1; *see* [DE 43, page 4]. Instead, Defendant paradoxically argues that the new motion is not an attempt at "relitigating the same claims as litigated in the previous [motion]," but his requested remedy is "either dismissal or *relitigating of the issue*." [*Id.*]; [DE 36, page 3] (emphasis added). Therefore, the Court is not persuaded to consider the substance of Defendant's motion. *See Wright*, at *4 (N.D. Ind. July 11, 2024) ("[I]t strains credulity to suggest that there can be a due process or equal protection violation where the government is simply following the command of the Supreme Court to find historical analogues when defending present day firearm restrictions.").

Further, even if the Court were to allow the parties to relitigate the issues presented in the previous motion to dismiss, the outcome is unlikely to change. In *United States v. Razo*, this Court held that "the plain text of the Second Amendment does not protect the right of felons to possess firearms." *Razo*, No. 2:23-CR-127, 2024 WL 3291762, *3 (N.D. Ind. July 3, 2024). *Razo* dealt with the same firearms-restriction statute as that at issue in this case—§922(g)(1). Therefore, applying the same reasoning in this case as it did in *Razo*, the Court would likely find an analysis under the second prong of *Bruen* to be unnecessary, rendering moot the consideration of Defendant's new arguments.

## CONCLUSION

For the reasons explained in this Opinion and Order, Defendant's Second Amended Motion to Dismiss for Violation of Due Process [DE 36] is DENIED.

SO ORDERED.

ENTERED: October 11, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court